UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES BRANIGAN, | : | |
| *Plaintiff*, | : | CASE NO.: |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| EXPERIAN INFORMATION | : | |
| SOLUTIONS, LLC; and | : | |
| TRANSUNION, LLC, | : | |
| *Defendants*. | : | September 27, 2019 |
| _____ | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES BRANIGAN (hereinafter "Plaintiff"), sues Defendants, Experian

Information Solutions, LLC, and TransUnion, LLC, and in support thereof respectfully alleges

violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.      The Consumer Financial Protection Bureau has noted, "experience indicates that

[Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot.

Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2,

2017).

## JURISDICTION AND VENUE

2.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action

involves violations of the FCRA.

3.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2) as this is the district where a substantial part of the events or omissions giving rise to the claim occurred.

4.      Venue is proper in this District as Plaintiff is a natural person and resident of Shelton, CT; the violations described in this Complaint occurred in this district; and the Defendants all transact business within this district.

## PARTIES

5.      Plaintiff is a consumer as defined by 15 U.S.C. § 1681a (c). such consumer reports to third parties under contract for monetary compensation.

6.      Under information and belief, Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation incorporated under the laws of the State of California, authorized to conduct business in the State of Connecticut through its registered agent, CT Corporation System, located at 67 Burnside Ave, East Hartford, CT, 06108-3408.

7.      Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.      Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

9.      Under information and belief, TransUnion, LLC (hereinafter "TransUnion"), is a corporation incorporated under the State of Illinois, authorized to conduct business in the State of

Connecticut through its registered agent, The Prentice-Hall Corporation System, located at 50 Weston Street, Hartford, CT 06120-1537.

10.      Upon information and belief, TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.      Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.      Plaintiff has an account with non-party Greensky, LLC regarding a "Mac Tools" brand credit card.

13.      Since the account was opened in March of 2014, Plaintiff has *always* made timely payments to Greensky, LLC regarding his Mac Tools credit card account.

14.      In January of 2019, Plaintiff again made a timely payment to Greensky, LLC.

15.      For reasons unknown to Plaintiff, Greensky, LLC did not process Plaintiff's payment and began reporting Plaintiff to credit reporting agencies, including Experian and TransUnion, as "30 days past due" regarding his credit card account.

16.      In the Spring of 2019 Plaintiff attempted to resolve this error with Greensky, LLC; however he was unsuccessful.

17.     Plaintiff sent a written dispute to each of the "big three" credit reporting agencies, Experian, TransUnion, and non-party Equifax.

18.     As is their duty under the FCRA, the aforementioned credit reporting agencies forwarded Plaintiff's disputes of the account status to Greensky, LLC.

19.     Greensky, LLC verified the inaccurate account status to each of the aforementioned credit reporting agencies.

20.     Despite the verification from Greensky, LLC, upon investigation non-party Equifax removed the inaccurate information from Plaintiff's credit report.

21.     Despite Plaintiff's dispute, which explained the account status, Experian continued reporting inaccurate information regarding Plaintiff. Specifically, that as of January 2019 his account status was "thirty days past due".

22.     Despite Plaintiff's dispute, which explained the account status, TransUnion continued reporting inaccurate information regarding Plaintiff. Specifically, that as of January 2019 his account status was "thirty days past due".

23.     Again, this information is incorrect. Plaintiff always made timely payments to Greensky, LLC and was never 30 days past due on his account.

24.     As a result of Experian's actions/inactions, Plaintiff has suffered from embarrassment related to his diminished credit score.

25.     As a result of TransUnion's actions/inactions, Plaintiff has suffered from embarrassment related to his diminished credit score.

26.     As a result of Experian's actions/inactions, Plaintiff has been denied seven (7) loans. This has caused Plaintiff to suffer financially as well as emotionally.

27.     As a result of TransUnion's actions/inactions, Plaintiff has been denied seven (7) loans. This has caused Plaintiff to suffer financially as well as emotionally.

28.     Plaintiff has suffered through many sleepless nights as a result of his diminished credit score and the fear that he will not be able to obtain credit he needs due to the actions/inactions of Experian and TransUnion.

29.     As a result of Experian's actions/inactions, which resulted in Plaintiff's credit score severely dropping, Plaintiff has suffered from distress, worry, stress, frustration, fear, and anger.

30.     As a result of TransUnion's actions/inactions, which resulted in Plaintiff's credit score severely dropping, Plaintiff has suffered from distress, worry, stress, frustration, fear, and anger.

31.     Furthermore, due to Experian and TransUnion's actions/inactions, Plaintiff has wasted dozens of hours of his personal time dealing with this situation, including but not limited to disputing the inaccuracies, researching his options, and spending time researching and hiring legal counsel.

## CAUSES OF ACTION

### COUNT I

### Violation of the FCRA as to Experian Information Solutions, Inc.

32.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully set forth herein.

33.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

34.    As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

35.    Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

36.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian Information Solutions, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II

### Violation of the FCRA as to Defendant Experian Information Solutions, Inc.

37.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully set forth herein.

38.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

39.    As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

40.    Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

41.    The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian Information Solutions, Inc., jointly and severally; for his attorney's

fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III

### Violation of the FCRA as to TransUnion, LLC

42.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully set forth herein.

43.     TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

44.     As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

45.     TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

46.     Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion, LLC, for statutory damages, punitive damages, actual

damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV

### Violation of the FCRA as to Defendant TransUnion, LLC

47.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully set forth herein.

48.     TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

49.     As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

50.     TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

51.     The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TransUnion, LLC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Dated this ___ day of September, 2019.

Respectfully Submitted,

*/s/   Bruce D. Jacobs*
Bruce D. Jacobs, Esquire
Federal Bar No. ct12191
Jacobs & Jacobs, LLC
700 State Street; 3rd Floor
New Haven, CT 06511
Telephone: (203) 777-2300
Facsimile:  (203) 773-8075
bjacobs@jacobs-jacobs.com
*Attorney for Plaintiff*

(*Motion to Practice Pro Hac Vice Forthcoming*):

*/s/ Frank H. Kerney III, Esq.*
Frank H. Kerney III, Esquire
FL Bar #: 088672
TN Bar #: 035859
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 577-4729
Facsimile:   (813) 559-4831
FKerney@ForThePeople.com
*Attorney for Plaintiff*

September 27, 2019